FILED

Sept 21 2017

U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTHONY ARRIAGA, JENNIFER ARRIAGA, DEBORAH COBERLEY, DOUGLAS COBERLEY, SUE EARLY, JOSEPH FAVOR, JOSEPH HILL, MELANIE PITA, MICHAEL PITA, WILLIAM OVERTON TODD III, SCOTT WINSHIP, KEVIN WRIGHT, AND LAURIE WRIGHT | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION __17-1303 L__ |
| vs. | § § | |
| THE UNITED STATES, | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW Anthony Arriaga, Jennifer Arriaga, Deborah Coberley, Douglas Coberley, Sue Early, Joseph Favor, Joseph Hill, Melanie Pita, Michael Pita, William Overton Todd III, Scott Winship, Kevin Wright, and Laurie Wright, (herein collectively "Plaintiffs") and file this claim for taking of their real and personal property entitling them to just compensation under the Fifth Amendment to the United States Constitution by the intentional action of the U.S. Army Corps of Engineers, Galveston District (herein "ACOE"), in concert with government actors and instrumentalities both known and unknown, and in support thereof, show as follows:

## PARTIES

1. Anthony Arriaga is an individual residing at 422 Isolde Dr., Houston, Texas 77024.

2. Jennifer Arriaga is an individual residing at 422 Isolde Dr., Houston, Texas

77024.

3. Plaintiff Deborah Coberley is an individual residing at 12335 Honeywood Trail, Houston, Texas, 77077.

4. Plaintiff Douglas Coberley is an individual residing at 12335 Honeywood Trail, Houston, Texas, 77077.

5. Plaintiff Sue Early is an individual residing at 12330 Lanny Lane, Houston, Texas, 77077.

6. Plaintiff Joseph Favor is an individual residing at 1238 Almond Grove Drive, Houston, Texas, 77077.

7. Plaintiff Joseph M. Hill is an individual residing at 12110 Almond Grove Court, Houston, Texas, 77077.

8. Melanie Pita is an individual residing at 130 Haversham Drive, Houston, Texas 77024.

9. Michael Pita is an individual residing at 130 Haversham Drive, Houston, Texas 77024.

10. Plaintiff William Overton Todd III is an individual residing at 3003 Seagler Rd, Unit 7113, Houston, Texas, 77042.

11. Plaintiff Scott Winship is an individual residing at 12334 Honeywood Trail, Houston, Texas, 77077.

12. Plaintiff Kevin Wright is an individual residing at 3003 Seagler Road, Unit 7414, Houston, Texas, 77042.

13. Plaintiff Laurie Wright is an individual residing at 3003 Seagler Road, Unit 7414, Houston, Texas, 77042.

14.     Defendant is the United States federal government, including the ACOE and any federal or state or local instrumentality acting under the auspices of the United States federal government, all of whom may be served through the National Courts Section, Commercial Litigation Branch, Civil Division U.S. Department of Justice, Washington, DC 20530, Tel.: (202) 514-7300.

## JURISDICTION AND VENUE

15.     This Court has venue and jurisdiction over this action under 28 U.S.C. § 1491(a)(1) because it involves a claim for monetary compensation from the United States under the "taking" clause of the Fifth Amendment of the United States Constitution.

16.     Plaintiffs are aware that five class action cases[1] have been filed in this Court seeking similar relief. The Court has not certified any class, and Plaintiffs do not currently plan to become members of any class should certification occur regarding the issues in this lawsuit.[2]

## FACTUAL ALLEGATIONS

17.     Plaintiffs are all homeowners residing in Houston, Texas near the Barker and Addicks reservoirs. Specifically, Anthony and Jennifer Arriaga's damaged properties are located at 422 Isolde Dr., Houston, Texas 77024; 12918 Figaro Dr., Houston, Texas 77024; and 422 Gretel Dr., Houston, Texas 77024. Douglas and Deborah Coberley's damaged property is located at 12335 Honeywood Trail, Houston, Texas, 77077. Sue Early's damaged property is located at 12330 Lanny Lane, Houston, Texas, 77077. Joseph Favor's damaged property is located at 1238 Almond Grove Drive, Houston, Texas, 77077. Joseph Hill's damaged property is located at

---

[1] (1) Case No. 17-1191, *Banes v. United States*; (2) Case No. 17-1194, *Salo v. United States of America*; (3) Case No. 17-1195, *Bouzerand v. United States*; (4) Case No. 17-1206, *Aldred v. United States*; and (5) Case No. 17-1235, *Milton v. United States.*

[2] The undersigned counsel is aware that a status conference has been set for October 6, 2017 in the Southern District of Texas for other Hurricane Harvey related cases.

12110 Almond Grove Court, Houston, Texas, 77077. Melanie and Michael Pita's damaged property is located at 130 Haversham Drive, Houston, Texas, 77024. William Overton Todd III's damaged property is located at 1230 Almond Grove Drive, Houston, Texas, 77077. Scott Winship's damaged property is located at 12334 Honeywood Trail, Houston, Texas, 77077. Lastly, Kevin and Laurie Wright's damaged property is located at 1226 Almond Grove Drive, Houston, Texas 77077.

18.     On August 25, 2017, Hurricane Harvey, a Category 4 Hurricane, made landfall near Rockport, Texas bringing rainfall to the Houston area nearly 200 miles away.  It has been estimated that over the next 3 or so days, over 1 trillion gallons of rain fell in the Houston area.

19.     Plaintiffs' houses did not flood as a result of Hurricane Harvey, but later flooded due to actions of the ACOE.

20.     On or about August 29, 2017, the ACOE announced it had made the "difficult" decision to make "unexpected controlled releases" from the Barker and Addicks reservoirs to "discharge" in order to "maintain control" of those reservoirs.

21.     The ACOE has the primary responsibility for land management, management and operation of the dams, and the course of water flows. The ACOE directed other government agencies and instrumentalities to carry out its wishes with the respect to its decisions.

22.     The ACOE's decision to take control of the flowage easements over private home and business property and make "unexpected controlled releases" was knowing and intentional. At the time it was made, it was foreseeable and the ACOE knew, or should have known, that it was sacrificing the homes of hundreds of people (including Plaintiffs) along with the contents of those homes.

23. The water releases by the ACOE fed into Buffalo Bayou at an approximate rate of 7,500 cubic feet per second from the Barker reservoir dam and 6,300 cubic feet per second from the Addicks reservoir dam.

24. Plaintiffs' homes all were flooded as result of the releases of the water from the Barker and Addicks reservoirs by the ACOE.

25. Despite having no previous issues with flooding, due to the sudden decision by the ACOE to release the water, Plaintiffs did not have time to adequately mitigate their damages.

26. The decisions by the ACOE have also altered the course of Buffalo Bayou in such a manner that future flooding will be more likely in areas not previously subject to flooding, leading to further business interruptions and losses in home value and tax revenue.

27. None of these ACOE decisions or their impacts could have been anticipated or mitigated by the affected homeowners, business owners, or management associations, as none were in a so-called flood plain and none had experienced flooding in recent memory. Further, many of these homes were without power during the time period in which the ACOE made their decision to release the dams.

28. In its October 29, 2014 and March 6, 2016 public presentations on "dam safety," the ACOE stated, "Houston is NOT in imminent danger of flooding from Barker and Addicks" and that "[d]am failure is not likely." Both of these statements proved false during Harvey. Prior flooding from 2015 forward and maintenance issues for the dams had put the ACOE on notice that such statements were suspect at best, but they continued to make them in 2016 nonetheless.

29. Because of these statements and other similar statements by the ACOE, most homeowners along Buffalo Bayou did not have flood insurance in areas where their mortgage companies do not require. Even if the home and business owners did, much of the damage

experienced would not be covered for various reasons. Moreover, standard private insurance policies, even those with flood insurance, contain exclusions for damage where, as here, it is caused by governmental action.

## CAUSE OF ACTION
## TAKING AND INVERSE CONDEMNATION

30. Plaintiffs incorporate all of the allegations above into this section as if set forth fully herein.

31. The Fifth Amendment to the United States Constitution states in pertinent part "…nor shall private property be taken for public use, without just compensation."

32. Plaintiffs had property interests protected by the Fifth Amendment to the United States Constitution.

33. Plaintiffs had distinct, reasonable investment-backed expectations that their property would not be subject to flooding.

34. Defendant's decisions or actions caused flooding which in turn caused damage to Plaintiffs real property, personal property, and improvements.

35. Defendant's decisions and/or actions caused flooding which in turn caused a decrease if Plaintiffs' homes' market value.

36. Defendant's decisions and/or actions caused flooding which in turn caused Plaintiffs to be deprived of the use of their homes for a certain period of time.

37. Defendants' decisions and/or actions were a "taking" under the Fifth Amendment for which Plaintiffs should be compensated.

PLAINTIFFS' ORIGINAL COMPLAINT                                                                                      Page 6 of 7

# PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiffs pray that the Court declare the Defendants' actions constitute a taking under the Fifth Amendment; that the Court order the Defendant to pay just compensation and fair value for all claims in this action; that Plaintiffs be awarded attorney's fees as permitted by law; that this Court retain jurisdiction to ensure proper payment of claims; and for any other relief to which Plaintiffs have shown themselves entitled, either in law or in equity.

Dated: September 21, 2017

Respectfully submitted,

**COOPER & SCULLY, PC**

BY  */s/ T. Micah Dortch*
**T. MICAH DORTCH**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540
Email: Micah.Dortch@cooperscully.com
**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFFS**

**OF COUNSEL:**

**CHRISTOPHER D. LINDSTROM**
Cooper & Scully, PC
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713) 236-6800
Facsimile: (713) 236-6880
Email: Chris.Lindstrom@cooperscully.com